IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS LEE BENITEZ, <br> TDCJ #1985845, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-18-2958 |

**MEMORANDUM OPINION AND ORDER**

Marcus Lee Benitez (TDCJ #1985845) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge an aggravated robbery conviction entered against him in 2015. He has also filed Petitioner's 28 U.S.C. § 2254(D)(1)(2) Memorandum of Law Brief in support (Docket Entry No. 4) and two supplements to the Petition (Docket Entry Nos. 11 and 15). Respondent Lorie Davis has filed a Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 18), arguing that the Petition is barred by the governing one-year statute of limitations. Benitez has filed Petitioner's Traverse, and he requests an evidentiary hearing on his claims ("Petitioner's Traverse") (Docket Entry Nos. 22 and 23). After considering all of the pleadings, the state court records, and the

applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. Background and Procedural History

In 2014 a grand jury in Harris County, Texas, returned an indictment against Benitez in case number 1413994, charging him with aggravated robbery of an elderly person.[1] The indictment was enhanced for purposes of punishment as a habitual offender with allegations that Benitez had at least two prior felony convictions for burglary of a habitation and for assault on a family member.[2]

At trial the State presented evidence that the offense occurred on January 6, 2014.[3] Shortly after the offense occurred the elderly victim described her attacker to a forensic artist, whose sketch was consistent with a photograph of Benitez.[4] On January 10, 2014, police located the truck that Benitez used during the offense based on descriptions given by the victim and a neighbor, who witnessed the victim's attacker flee the scene.[5] The

---

[1] See Indictment, Docket Entry No. 19-7, p. 16. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's electronic filing system, CM/ECF.

[2] Id.

[3] Court Reporter's Record, vol. 3, Docket Entry No. 19-10, pp. 63, 115.

[4] Id. at 48-53, 56-58; State's Exhibit 20, Docket Entry No. 19-13, p. 45.

[5] Court Reporter's Record, vol. 3, Docket Entry No. 19-10, at 18-19, 39-46, 117-18.

victim identified Benitez in a video lineup that same day and again in open court during trial as the man who assaulted her by repeatedly striking her in the head after robbing her home.⁶

A jury in the 262nd District Court for Harris County found Benitez guilty as charged.⁷ After the guilty verdict was entered, Benitez accepted a plea agreement as to punishment.⁸ Consistent with that agreement, Benitez admitted that the enhancement allegations were "true" and the trial court sentenced him to 35 years' imprisonment on March 2, 2015.⁹

On September 29, 2015, Benitez's appeal was dismissed for want of jurisdiction because he waived his right to appeal under the terms of his plea agreement. See Benitez v. State, No. 01-15-00262-CR, 2015 WL 5769948, at *3 (Tex. App. — Houston [1st Dist.] Sept. 29, 2015). Benitez did not file a petition for discretionary review with the Texas Court of Criminal Appeals although he

---

⁶Id. at 98-101, 117-25. According to the police offense report submitted in support of the initial charging instrument, Benitez was arrested on January 9, 2014, after committing a similar robbery. See Complaint, Docket Entry No. 19-7, pp. 6-7. He was placed into the lineup because the cases were similar and close in proximity. Thompson positively identified Benitez in the lineup as the suspect who attacked her. See id. at 7. None of his information was introduced at trial due to a motion in limine by defense counsel. See Court Reporter's Record, vol. 3, Docket Entry No. 19-10, p. 6.

⁷Id. at 159.

⁸Court Reporter's Record, vol. 4, Docket Entry No. 19-11, p. 5.

⁹Id. at 6-8.

obtained an extension of time to do so, which expired on December 28, 2015.[10]

On September 27, 2016, Benitez executed an Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 ("State Habeas Application").[11] In his Application Benitez raised numerous claims of ineffective assistance of counsel by his trial and appellate attorneys.[12] Benitez argued further that there was no evidence to support his wrongful conviction.[13] The state habeas corpus court, which also presided over the trial, entered findings of fact and concluded that Benitez was not entitled to relief.[14] The Texas Court of Criminal Appeals agreed and denied relief without a

---

[10]Postcard, Docket Entry No. 19-5, p. 1 (advising Benitez that his extended time to file a petition for discretionary review expired on December 28, 2015).

[11]State Habeas Application, Docket Entry No. 19-22, pp. 7-23. The respondent notes that Benitez's State Habeas Application was not stamped as received until four months later on January 25, 2017. See Respondent's MSJ, Docket Entry No. 18, p. 4, n.6. For purposes of this Memorandum Opinion and Order, the court will give Benitez the benefit of the prison mailbox rule, which applies to post-conviction proceedings in Texas, see Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013), and will consider the State Habeas Application as filed on the date it was signed.

[12]State Habeas Application, Docket Entry No. 19-22, pp. 12-21, 25-29, 32-39.

[13]Id. at 30-31.

[14]State's Proposed Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 19-22, pp. 254-64.

-4-

written order on findings made by the trial court without a hearing on November 22, 2017.[15]

On August 22, 2018, Benitez executed the pending federal habeas corpus Petition under 28 U.S.C. § 2254.[16] Benitez raises the following arguments:

1. He was denied effective assistance of counsel before and during his trial.

2. There was no evidence to support his conviction.

3. He was denied due process in connection with procedures used to identify him prior to trial and in court.

4. He is actually innocent of the offense of aggravated robbery.

5. The State erred by misleading the jury to believe that he committed the offense alone.[17]

The respondent argues that the Petition must be dismissed as barred by the governing one-year statute of limitations on federal habeas corpus review.[18]

## II. Discussion

**A. The One-Year Statute of Limitations**

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996),

---

[15]Action Taken on Writ No. 37,215-02, Docket Entry No. 19-15, p. 1.

[16]Petition (Continuation), Docket Entry No. 1-3, p. 32.

[17]Petition, Docket Entry No. 1, pp. 6-8; Petition (Continuation), Docket Entry No. 1-3, pp. 1-32; Petitioner's Brief Under 28 U.S.C. § 2254(d)(1)(2), pp. 1-35; Supplement, Docket Entry No. 11, pp. 2-11; Supplement, Docket Entry No. 15, pp. 2-34.

[18]Respondent's MSJ, Docket Entry No. 18, pp. 7-15.

all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of --

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). To the extent that Benitez challenges a state court judgment, the limitations period began to run pursuant to § 2244(d)(1)(A) no later than December 28, 2015, when his time to pursue a direct appeal expired. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (observing that a conviction becomes final for purposes of § 2244(d)(1)(A) "when the time for seeking further direct review in the state court expires"); Jones v. Quarterman, Civil Action Nos. H-09-0624 & H-09-0626, 2009 WL 2524602, at *2 (S.D. Tex. Aug. 14, 2009) (concluding that the judgments became final for purposes of § 2244(d)(1)(A) when petitioner's time to file a petition for discretionary review expired). That date triggered the statute of limitations, which

expired one year later on December 28, 2016. The federal Petition that was executed by Benitez on August 22, 2018, is late by 602 days and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

B.  **The Availability of Tolling Under 28 U.S.C. § 2244(d)(2)**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. Benitez signed his state habeas corpus Application on September 27, 2016, and it remained pending for 421 days until the Texas Court of Criminal Appeals denied relief on November 22, 2017. This Application tolled the limitations period and extended Benitez's deadline to seek federal review until February 21, 2018. Even with tolling for this time period, the federal Petition executed by Benitez on August 22, 2018, remains late by at least six months and must be dismissed as untimely unless Benitez establishes that some other statutory or equitable basis exists to further extend the statute of limitations on federal habeas review.

C.  **There is No Other Basis for Statutory or Equitable Tolling**

Benitez does not demonstrate that there is any other statutory basis to toll the limitations period. Benitez does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B).

Likewise, none of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Moreover, none of his claims raise a constitutional issue that is based on a new "factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D).

Benitez argues that his delay should be excused for equitable reasons because he is actually innocent of the aggravated robbery offense.[19] A free-standing allegation of actual innocence is not an "independent constitutional claim" that is actionable on federal habeas corpus review. See Herrerra v. Collins, 113 S. Ct. 853, 869 (1993); see also Graves v. Cockrell, 351 F.3d 143, 151 (5th Cir. 2003) (observing that the Fifth Circuit has repeatedly held that claims of actual innocence are "not cognizable" on federal habeas review) (citations omitted)). If proven, however, actual innocence may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).

To be credible a habeas petitioner must support a claim of actual innocence with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 115 S. Ct. 851, 865 (1995). To prevail on such a

---

[19]Petition, Docket Entry No. 1, p. 10.

claim a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 867.

Benitez does not support his claim with new evidence that was not available at trial or that demonstrates his actual innocence under the standard articulated in Schlup. Benitez bases his actual innocence claim on an article that was published on February 5, 2014, which mistakenly stated that there was DNA evidence linking Benitez to the offense.[20] Benitez appears to argue that the victim's identification of him was influenced by this article, which caused her to mistakenly believe that there was DNA linking him to the offense.[21] Benitez's argument overlooks the fact that the victim provided a description of him to the forensic sketch artist shortly after the offense occurred on January 6, 2014, and identified him in a video lineup on January 10, 2014, well before the article was published.[22]

To the extent that Benitez claims that the victim was misled by law enforcement officers before she identified Benitez, DNA testing of the evidence collected in this case was not completed

---

[20]Supplement, Docket Entry No. 11, pp. 2, 8. Benitez points to a portion of an article published on February 5, 2014, by the website forwardtimesonline.com, which is entitled "Attack on Our Elderly! Who's Looking Out for Them?" Supplement, Docket Entry No. 11, pp. 8-9.

[21]Supplement, Docket Entry No. 11, p. 2.

[22]Court Reporter's Record, vol. 3, Docket Entry No 19-10, pp. 48-58, 98-101.

until July of 2014.[23] DNA testing excluded Benitez as a match to any biologic material collected from the victim.[24] The DNA test results were highlighted at trial, where defense counsel emphasized the lack of forensic evidence or fingerprints linking his client to the offense.[25] The jury was not persuaded and Benitez has not presented any new reliable evidence establishing that he was mistakenly identified by the victim as the person who assaulted her after robbing her home. Because Benitez has not shown that he is actually innocent, he is not entitled to tolling under McQuiggin.

Benitez has not otherwise shown he pursued federal review of his claims with the requisite due diligence or that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). To the extent that Benitez points to his status as a pro se prisoner, it is settled that a petitioner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). Because Benitez fails to

---

[23]Laboratory Report #3, Houston Forensic Science Center, Docket Entry No. 19-12, pp. 12-13.

[24]Id.

[25]Court Reporter's Record, vol. 3, Docket Entry No. 19-10, pp. 101-03, 150-53.

establish that any exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability sua sponte without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of

reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent Davis's Motion for Summary Judgment (Docket Entry No. 18) is **GRANTED**, and Petitioner's request for an evidentiary hearing (Docket Entry No. 22) is **DENIED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Marcus Lee Benitez (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 21st day of March, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE